IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KYLE W. SHIRLEY,<br><br>　　　　　**Plaintiff,**<br><br>v.<br><br>DONALD W. WASHINGTON and<br>MERRICK B. GARLAND,<br><br>　　　　　**Defendant.** | Case No. 3:21-cv-841-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for Summary Judgment for Failure to Exhaust Administrative Remedies pursuant to Federal Rule of Civil Procedure 56 (Doc. 21). For the reasons set forth below, the Motion is **GRANTED** with respect to the Motion to Dismiss but terminated as moot with respect to the Motion for Summary Judgment. This Court further **GRANTS** plaintiff 21 days to file a Second Amended Complaint.

FACTUAL & PROCEDURAL BACKGROUND

On July 20, 2021, plaintiff Kyle Shirley ("Shirley") filed suit *pro se* against the United States Marshals Service ("USMS") and the United States Department of Justice ("DOJ") (Doc. 1). Shortly thereafter, Shirley filed an amended complaint predicated upon his employment as a United States Deputy Marshall assigned to the Southern District of Illinois (Doc. 7). Shirley asserts claims under the Americans with

Disabilities Act ("ADA") codified at 42 U.S.C. § 12101, the Rehabilitation Act codified at 29 U.S.C. § 701, Title VII of the Civil Rights Act, and retaliation for filing an EEOC complaint (*Id.*). The following facts are taken from the amended complaint filed by and are accepted as true for purposes of the Motion to Dismiss. FED. R. CIV. P. 10(c); *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011).

The alleged discrimination began on or about January 23, 2020 (Doc. 7, p. 2). Shirley was denied his request to issue him his retirement badge, credentials, and Law Enforcement Officer Safety Act ("LEOSA"), 18 U.S.C. 926 (C), identification card (Doc. 7, p. 3).

Shirley was a deputy with the USMS from 2001 until 2017 and was last stationed in East St. Louis, Illinois (Doc. 7, p. 5). He sustained a line-of-duty injury in 2012 while a Criminal Investigator, which forced him into a medical retirement (*Id.*). Shirley also served as a tactical shield instructor and firearms instructor (*Id.*).

On or about July 1, 2019, Shirley requested the issuance of his retirement badge, credentials, and LEOSA ID card that had previously been denied in 2017 by then acting-director David Harlow (*Id.*). Shirley was again denied by the current director Donald W. Washington. (*Id.*). Shirley was told the denial was because he was not in good standing, which he claims was pretextual and was actually for the following: (1) a singular derogatory statement on a private USMS employee Facebook page; and, (2) his forced retirement due to a line-of-duty injury (*Id.*). Shirley further

believes the denial was partly were because he opposed medical retirement and because he filed EEOC complaints (*Id.*). He also claims disparate treatment and ongoing discrimination by USMS (*Id.*).

On February 11, 2022, defendants filed their motion to dismiss, or in the alternative for summary judgment (Doc. 21). Specifically, defendants claimed that Shirley's claims were untimely and that he did not first exhaust EEO administrative remedies (*Id.*). Defendants attached the administrative complaint file regarding the EEOC complaint/appeal to their motion and requested the Court to take judicial notice of same (Doc. 21-1).

On March 14, 2022, Shirley filed his response to the motion, arguing that his EEOC filings were timely and were based upon when he learned of the denial (Doc. 23). Shirley also attempted to invoke the continuing violation doctrine to enhance the timelines and attaches documentation from the EEOC to support his position (Doc. 23, pp. 7-16). Shirley also claims that he was attempting to resolve his claim with the EEOC without court intervention (*Id.*).

On March 28, 2022, defendants filed their reply reiterating that the EEO Complaint was untimely and arguing that the continuing violation doctrine does not absolve Shirley of complying with timelines and guidelines (Doc. 24).

## LEGAL STANDARD

To survive a 12(b)(6) motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the plaintiff must provide enough

"factual enhancement" to "[nudge] their claims across the line from conceivable to plausible . . . ." *Id.* at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).

When applying this standard, the court must "accept as true all factual allegations in the amended complaint and draw all permissible inferences in [the non-moving plaintiff's] favor." *Bible v. United Student Aid Funds, Inc.,* 799 F.3d 633, 639 (7th Cir. 2015). In fact, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 666 (7th Cir. 2013), *quoting Twombly,* 550 U.S. at 556. However, allegations that merely state "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action" are not entitled to this assumption of truth. *Ashcroft v. Iqbal*, 566 U.S. at 678.

Typically motions to dismiss brought under Rule 12(b)(6) cannot include materials outside the pleadings. See *McCready v. eBay,* 453 F.3d 882, 891 (7th Cir. 2006). A "narrow exception" to this general rule permits "documents attached to a motion to dismiss [to be] considered part of the pleadings if they are referred to in the plaintiffs complaint and are *central* to [the plaintiffs] claim." *Levenstein v. Salafsky,* 164 F.3d 345, 347 (7th Cir.1998) (emphasis in original). In this case, the Court does not deem the documents attached to the motion by defendants central to Shirley's complaint and therefore, does not consider them a part of the pleadings.

Shirley filed his amended complaint *pro se.* Courts generally construe *pro se* claims generously, accepting as true the factual allegations and liberally construing them in plaintiff's favor. *Buechel v. United States*, 746 F.3d 753 (7th Cir. 2014); *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Nevertheless, conclusory statements and labels are not enough, and the complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418 (7th Cir. 2013). "Plausibility is not a synonym for probability in this context but asks for more than a sheer possibility that a defendant has acted unlawfully." *West Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670 (7th Cir. 2016). In other words, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank*, N.A., 614 F.3d 400 (7th Cir. 2010). Instead, the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." Id. at 404.

## ANALYSIS

Title VII, the ADA, and the Rehabilitation Act all require that before an employee may file a claim in district court, he must first exhaust EEOC administrative remedies. *Edwards v. Donahoe,* 503 F. App'x 468, 471 (7th Cir. 2013); 29 C.F.R. § 1614.103(a). To exhaust his administrative remedies, Plaintiff must show that he has: (1) filed a charge with the EEOC within 180 days of the discriminatory employment action, or within 300 days of the discriminatory employment action if an equivalent state agency exists; and (2) received a notification from the EEOC that it

does not intend to sue (a "right-to-sue" letter). *See Halmo v. Klement Sausage Co.*, 2010 WL 5018084, at *2 (E.D. Wis. 2010).

It is clear from Shirley's amended complaint that he filed a charge with the EEOC. Indeed, he has attached the decision on request for reconsideration to his pleading wherein the [EEOC] advised that it "issued a final decision dismissing the complaint for untimely EEO counselor contact" (Doc. 7, p. 9). The appeal letter from the EEOC goes onto state, "You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive the decision." (*Id.*).

The letter was dated April 26, 2021 and this action was initiated on July 20, 2021, which was within the 90 timeframe, and which satisfies the next step. Indeed, both Title VII and the ADA require a plaintiff to file a civil action within 90 days of receiving a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e–5(f)(1); 42 U.S.C. § 12117(a) (adopting the charge-filing requirements and enforcement mechanism of Title VII in ADA cases). The receipt of a right-to-sue notice by a claimant or his attorney starts the 90–day period within which a plaintiff has to file a cause of action under Title VII or the ADA. *Threadgill v. Moore, U.S.A. Inc.*, 269 F.3d 848, 849–50 (7th Cir.2001).

When a federal employee believes a discriminatory action has been taken against them, to seek relief the employee must consult an EEO counselor and attempt to resolve the matter informally. 29 C.F.R. § 1614.105(a)(1); *Ester v. Principi*, 250 F.3d 1068, 1071 (7th Cir. 2001). Further, it is a requirement that an employee initiate

contact with an EEO counselor within 45 days of the of the date of the alleged discriminatory conduct, otherwise the EEOC shall dismiss the entire complaint. 29 C.F.R. § 1614.107(a)(2). However, the 45-day time window shall be extended if the employee can show that he did not know and *reasonably* should not have known that the discriminatory matter or personnel action occurred. *Id.* § 1614.105(a)(2). *Edwards,* 503 F. App'x at 471. (emphasis added). To show reasonableness, one only need show that the complainant knew or reasonably should have known that the act in question was *possibly* discriminatory. *Id.* (emphasis added). It is not necessary that the complainant knew for certain that the act in question was discriminatory. *Id.*

Here, Shirley's Amended Complaint does not provide the Court with a sufficient factual basis to address the issue of whether the 45-day window should be extended in his case. Shirley must provide the Court with additional facts regarding when a reasonable person, in Shirley's position, would have known or reasonably should have known he was discriminated against. In his Amended Complaint and his Response to the Defendant's Motion to Dismiss, Shirley simply reiterates his allegations of discrimination without providing sufficient facts regarding his delay in contacting an EEO counselor. Shirley must address the issue of why, under the circumstances, his claims should not be time barred, focusing on the requirements of the law, which this Court is bound to follow.

In the alternative, Shirley will have to consider whether he can assert another theory of liability that is not time sensitive. This Court is open to the possibility that other causes of action might exist.

CONCLUSION

For the reasons set forth above, Defendant's Motion is GRANTED in part. The Amended Complaint is DISMISSED without prejudice and plaintiff is granted 30 days, or until May 19, 2022 to file a Second Amended Complaint. If Shirley files a second amended complaint, defendants will have 30 days from that date to file a responsive pleading. If no amended complaint is filed on or before May 19, 2022, the Court will enter final judgment and close the case.

**IT IS SO ORDERED.**

**DATED:  May 17, 2022**

s/ <i>Stephen P. McGlynn</i><br>
STEPHEN P. McGLYNN<br>
U.S. District Judge